**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUN -5 PM 1: 12

CLERK _____
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| REINALDO MARIN CORREA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 306-36 |
| | ) |
| MICHAEL PUGH, Warden, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under Title 28, United States Code, Section 2241 contesting the execution of his sentence of confinement. For the reasons that follow, the Court recommends that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

## I. BACKGROUND

The Federal Bureau of Prisons ("BOP") has contracted with the Corrections Corporation of America ("CCA"), a private corporation, to house federal prisoners at MCF, a facility operated by CCA. The contract requires CCA to follow the BOP Program Statement for Disciplinary Procedures. While incarcerated at MCF, petitioner committed a disciplinary infraction, which resulted in his appearance before a Disciplinary Hearing

Officer ("DHO") and the disallowance of thirteen days of "Good Conduct Time" ("GCT"). Petitioner seeks the reinstatement of his GCT.

## II. DISCUSSION

Petitioner raises three grounds for relief in his petition, the first two of which quesiton the propriety of the BOP's contract with CCA. Petitioner's third ground for relief challenges the decision that resulted in the disallowance of his GCT.

### A. Delegation of Authority

Petitioner first claims that the BOP's contract with CCA constitutes an unlawful delegation of the BOP's authority to house federal prisoners. He also argues that under the BOP's Program Statement 5270.07, authority to disallow GCT for failure to complete literacy programs is limited to federal prisons, not state or private prison facilities. These claims are interrelated and will be addressed together.

Petitioner argues that CCA does not meet the regulatory definition of a federal prison or correctional institution, and that it therefore is not authorized to enforce federal regulations providing for the forfeiture or disallowance of GCT. Documents attached to the petition indicate that while CCA administrators reviewed petitioner's disallowance of GCT in this case, petitioner had the opportunity to appeal the denial of GCT to BOP administrators.

The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's authority in this area may include contracting out the care of prisoners to private facilities. Id. § 4013(a)(3). The relationship between the federal government and facilities

2

which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, "no 'federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein.'" . . . . 18 U.S.C. § 4001(b)(1), [provides] that "'[t]he control and management of Federal penal and correctional institutions. . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. . .'" Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized as a "Federal" prison.

United States v. Cardona, 266 F. Supp.2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

Here, petitioner contends that MCF, which is run by CCA, is not a "federal" prison. Petitioner points out that the daily management and control of MCF is the responsibility of CCA, not the BOP. The BOP has no direct or constructive control over managerial functions at MCF. For these reasons, the Court agrees that MCF is not a "federal" prison.

The Court must now determine whether MCF, as a non-federal facility, may nevertheless impose disciplinary sanctions as delegated by the BOP. The court in Carabollo-Rodriguez v. Pugh, CV 304-081 (S.D. Ga. June 13, 2005), recognized that "[i]t is well-established that federal agencies may not delegate their statutory authorities to private parties. However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" Id. (citing Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003)). Here, the BOP is charged with making a final determination,

3

through the grievance procedure, as to whether the disallowance of GCT is proper.[1] Because the BOP has retained final decisionmaking authority in the disallowance of GCT, it has not unlawfully delegated its authority to CCA. Petitioner may not obtain relief on this ground.

**B. Disallowance of GCT**

Petitioner also argues that the decision leading to his disallowance of GCT was in error. According to documents submitted by petitioner in support of his petition, petitioner was disallowed GCT after a pen containing a razor blade was found in his locker inside his cell.

The Supreme Court has observed that the revocation of GCT satisfied the minimal requirements of due process if the findings of the disciplinary officer are supported by "some evidence." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). "In ascertaining whether this standard has been met, courts are not required to examine the entire record, independently assess witness credibility, or reweigh the evidence." Stiger v. Grayer, 159 Fed. Appx. 914, 915 (11th Cir. 2005). The "relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. (quoting Hill).

In this case, petitioner does not appear to challenge the DHO finding that a pen with a concealed blade was found in his locker.[2] Instead, petitioner argues that the sanction

---

[1] The Court takes judicial notice of evidence submitted in related cases filed in this district by MCF prisoners indicating that the BOP maintains final decisionmaking authority in the disallowance of GCT. E.g., Olivares-Bonilla v. Pugh, CV306-2 (S.D. Ga. Feb. 10, 2006).

[2] Petitioner also does not appear to contend that his GCT was disallowed without due process.

4

imposed was unduly harsh. Petitioner, however, has not alleged that the decision to disallow his GCT is atypical of cases where dangerous objects are found inside a prisoners' cells, and this Court does not otherwise find such a sanction to be an atypical or significant hardship. See, e.g., Kimball v. Vasquez, No. Civ. A. CV 205-147, 2005 WL 3454716 (S.D. Ga. Dec. 15, 2005) (Alaimo, J.) (finding disallowance of thirteen days of GCT not atypical or significant hardship as disciplinary sanction for non-hazardous contraband). Accordingly, petitioner is not entitled to relief on this ground.

## III. CONCLUSION

For the reasons set forth above, the Court recommends that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

SO REPORTED and RECOMMENDED this 5th day of June, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE